UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| LEN KIRSCHBAUM AND | ) | |
| KIM KIRSCHBAUM, | ) | |
|      Plaintiffs, | ) | Civil Case No. |
| | ) | 5:16-cv-136-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| WELLS FARGO, N.A., A/K/A | ) | |
| WELLS FARGO HOME MORTGAGE INC. | ) | |
|      Defendant. | ) | |

**       **       **       **       **

This matter is before the Court upon the Motion to Dismiss filed by Defendant, Wells Fargo, N.A., a/k/a Wells Fargo Home Mortgage Inc. ("Wells Fargo") [DE 8]. Plaintiffs Len Kirschbaum and Kim Kirschbaum ("Plaintiffs") have filed a Response [DE 10] and Wells Fargo has filed a Reply in further support of its Motion [DE 11]. Thus, the matter is fully briefed and ripe for review.

### I.   Factual and Procedural Background

Although the allegations of the *pro se* Complaint filed by Plaintiffs are vague, the Complaint generally alleges that Wells Fargo wrongfully foreclosed on real estate belonging to Plaintiffs and violated various provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the underlying Regulation Z, 12 C.F.R. § 226.1, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*  Plaintiffs

1

request rescission of the Mortgage and Note at issue, clear title to the property, damages for emotional distress as a result of "countless telephone calls ascertaining the delinquency of the bill and or mortgage," statutory damages for violations of TILA, RESPA, and "the Unfair and Deceptive Acts and Practices," treble damages for "usurious interest," return of Plaintiffs' down payment, installments, late payments, and other payments, as well as interest on the entire amount of the loan, and costs of the litigation. Plaintiffs also seek injunctive relief enjoining the foreclosure action and all other activities complained of "preliminarily and permanently," as well as an injunction enjoining Wells Fargo from "keeping relevant documents such as, complete loan package but not limited there to and to forward all foreclosure documents" to Plaintiffs. [DE 1-1 at ¶¶ 110-25].

Although Plaintiffs' Complaint does not provide specific details regarding the foreclosure action referenced therein, copies of the docket sheet, Foreclosure Complaint, and the Judgment from *Wells Fargo Bank, N.A. v. Kirschbaum*, Case No. 15-CI-326, filed in the Jessamine Circuit Court in Jessamine County, Kentucky, are attached to Wells Fargo's Motion to Dismiss [DE 8-2, State Court Record].[1] According to these documents, Plaintiffs obtained a mortgage loan from Central Bank on December 1, 2005 (the "Loan")

---

[1] The propriety of considering these documents on Wells Fargo's motion to dismiss is discussed more fully in part II., *infra*.

[DE 8-2].   In connection with the Loan, Plaintiffs executed a promissory note (the "Note") and a mortgage (the "Mortgage") pledging their property located at 152 Cherrybrook Drive, Nicholasville, Kentucky as collateral for the Loan [*Id.*].   The Mortgage was filed on December 7, 2005 in Mortgage Book 802, Page 391 of the Jessamine County Clerk's Office and was subsequently assigned to Wells Fargo [*Id.*].   After Plaintiffs' defaulted in the payment of the Note and Mortgage, Wells Fargo filed the foreclosure action on or around May 26, 2015 [*Id.*].[2]   A Judgment and Order of Sale was entered by the Jessamine Circuit Court on March 7, 2016, finding in Wells Fargo's favor and referring the matter to the Master Commissioner for judicial sale.  [*Id.*].   Plaintiffs filed the Complaint in this case in the Jessamine Circuit Court on April 8, 2016 [DE 1-1].   This case was removed to this Court on May 5, 2016 [DE 1].   Plaintiffs also filed a voluntary Chapter 13 bankruptcy petition in the Eastern District of Kentucky on April 14, 2016, and Wells Fargo filed a notice of automatic stay in the foreclosure action on April 21, 2016, staying the foreclosure sale [DE 8-2].[3]

---

[2] Wells Fargo filed an Amended Complaint in the foreclosure action on or around August 31, 2015 [DE 8-2].

[3] As noted by Wells Fargo, the automatic stay provision of the United States Code provides for the stay of judicial proceedings *against* the debtor that are commenced before the commencement of the bankruptcy case or that are to recover a claim against the debtor that arose before the commencement of the case.  11 U.S.C. § 362(a)(1).   The Complaint in this case was initiated by the

## II.  Standard of Review

Wells Fargo seeks dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Specifically, Wells Fargo argues that Plaintiffs' claims seeking rescission of the foreclosure action pursuant to TILA should be dismissed pursuant to Rule 12(b)(1) and that the remainder of Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1133–35 (6th Cir. 1996); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990).  Here, Defendants have put forth a "factual attack" on the Court's jurisdiction to hear this case; thus, the Court need not presume the facts in the Complaint as true.  *RMI Titanium Co.,* 78 F.3d at 1134.

---

debtors rather than against them, thus the automatic stay does not apply.

Conversely, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of Plaintiffs' complaint.  In ruling on a Rule 12(b)(6) motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)(citation omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*

Generally, matters outside the pleadings may not be considered by the Court in ruling on a motion to dismiss pursuant to Rule 12(b)(6) without converting the motion to a motion for summary judgment.  *See* Fed. R. Civ. Pro. 12(d).  However, "[i]n addition to the allegations in the complaint, the court may consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005)(citations omitted).  The Foreclosure Complaint and Judgment from the Jessamine Circuit Court are referred to in the Complaint and are, indeed, integral

5

to Plaintiffs' allegations of wrongful foreclosure.  Moreover, these documents are public records and are appropriate for the taking of judicial notice, as they can be accurately and readily determined from the Jessamine Circuit Court records, a source whose accuracy cannot reasonably be questioned.  Fed. R. 201(c).  For all of these reasons, the Court may consider these materials in ruling on Wells Fargo's motion without converting the motion to a motion for summary judgment.

**III. Analysis**

**A. Plaintiffs' TILA Claims**

In their Complaint, Plaintiffs allege various violations of the lender's disclosure obligations arising under TILA, 15 U.S.C. § 1601, *et seq.*, and seek money damages, as well as rescission of the entire loan transaction [DE 1-1].  TILA "was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms."  *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 875 (6th Cir. 2006)(quoting *Begala v. PNC Bank, Ohio, N.A.*, 163 F.3d 948, 950 (6th Cir. 1998)).  Accordingly, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998)(citations omitted).

In addition to being subject to statutory and actual damages traceable to a lender's failure to make the required disclosures, "the Act also authorizes a borrower whose loan is secured with his 'principal dwelling,' and who has been denied the requisite disclosures, to rescind the loan transaction entirely." *Id*. In these circumstances, the borrower has the right to rescind the loan agreement for up to three business days after the transaction. *See* 15 U.S.C. § 1635(a). Moreover, "[w]hen the lender 'fails to deliver certain forms or to disclose important terms accurately' to the borrower, the Act extends the borrower's right to rescind the transaction to three years." *Barrett*, 445 F.3d at 875-876 (quoting *Beach,* 523 U.S. at 411).

### 1. This Court has Subject-Matter Jurisdiction Over Plaintiff's Claim for Rescission

To the extent that Plaintiffs' Complaint seeks rescission of the Loan due to an alleged failure to provide the disclosures required under TILA, Wells Fargo argues that this Court does not have subject-matter jurisdiction over this claim, as this claim is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes this Court "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005), the United States Supreme Court explained:

> [t]he *Rooker-Feldman* doctrine...is confined to cases of
> the kind from which the doctrine acquired its name:
> cases brought by state-court losers complaining of
> injuries caused by state-court judgments rendered before
> the district court proceedings commenced and inviting
> district court review and rejection of those judgments.
> *Rooker-Feldman* does not otherwise override or supplant
> preclusion doctrine or augment the circumscribed
> doctrines that allow federal courts to stay or dismiss
> proceedings in deference to state-court actions.

*Id*. at 284.

The Court further explained that "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id*. at 293 (quoting *GASH Assocs. V. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)(alterations in original)). The Sixth Circuit Court of Appeals has noted that the scope of *Rooker-Feldman* has been tightened post-*Exxon Mobile Corp.*, and distinguishes "between plaintiffs who bring an impermissible attack on a state court judgment — situations in which *Rooker-Feldman* applies — and plaintiffs who assert independent claims before the district court — situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 309 (6th Cir. 2010)(citations omitted). Accordingly, "the pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court

judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Id*. (citing *McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006).

Here, with respect to Plaintiffs' TILA claim seeking rescission, Plaintiffs are not complaining of an injury caused by the state court foreclosure judgment. Rather, the source of Plaintiffs' alleged injury is the alleged failure of the lender in their loan transaction to make the disclosures required under TILA. Therefore, Plaintiffs' Complaint presents an independent claim and *Rooker-Feldman* does not apply. *See Veasley v. Federal Nat. Mortg. Ass'n (FNMA)*, 623 Fed.App'x. 290 (6th Cir. 2015)(where plaintiff sued a mortgage assignee and purchaser at a foreclosure sale, alleging that the foreclosure sale was invalid based on improper chain of title, *Rooker-Feldman* did not preclude jurisdiction over the plaintiff's case because the source of plaintiff's injury was an alleged faulty mortgage assignment, thus plaintiff raised a claim independent from the state court judgment of foreclosure); *Brown v. First Nationwide Mortg. Corp.*, 206 Fed. App'x 436, 440 (6th Cir. 2006)(plaintiff's complaint alleging fraud in connection with state court foreclosure proceedings not barred by *Rooker-Feldman* because it did not claim the source of plaintiff's injury was the foreclosure decree itself, but rather concerned the actions

of defendants that preceded the decree). Accordingly, this Court has jurisdiction over Plaintiffs' rescission claim.[4]

### 2. Plaintiffs' TILA Claims are Time-Barred

Although Plaintiffs' TILA claims survive *Rooker-Feldman*, they must still be dismissed, as they are time-barred. The statute of limitations for a TILA claim for damages is governed by 15 U.S.C. § 1640(e), which provides in pertinent part:

> Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation..."

15 U.S.C. § 1640(e). For alleged disclosure violations, this date is the date that the transaction is consummated, which is the date that the borrow signs the loan documents and becomes obligated to pay. *See United States v. Petroff-Kline*, 557 F.3d 285, 286 (6th Cir. 2009).

Here, Plaintiffs' Complaint alleges: "On or about 2006 Plaintiff and Defendant purported to execute a Mortgage and Note, purported loan number 0641859756. The said purported mortgage and note were never consummated by signing therein" [DE 1-1, ¶6]. However, although Plaintiffs may allege that they never signed the

---

[4] As noted in *Exxon Mobile Corp.*, this Court may be bound to recognize the claim- and issue-preclusive effects of the state court judgment, but "[p]reclusion, of course, is not a jurisdictional matter." *Exxon Mobil Corp.*, 544 U.S. at 293 (citing Fed. R. Civ. Pro. 8(c)).

note, the allegations in the Complaint make clear that *something* happened in 2006 with respect to the Mortgage and Note that resulted in Plaintiffs entering into some sort of relationship with Wells Fargo pursuant to which Wells Fargo had obligations to make the disclosures that Plaintiffs allege that it failed to make. For example, the next paragraphs of the Complaint allege:

> 7.  Either before, during and/or after the settlement, Defendant (Wells Fargo) failed and/or refused to provide defendant [sic] with copies of important documents, including the complete mortgage and note, which would explain their consumer rights, as well as other rights, including but not limited to, the right to cancel the contract and the Federal Truth in Lending Disclosures.

> 8.  Defendants also intentionally failed and/or refused to provide defendant [sic] various disclosures that would indicate to plaintiffs that the contract entered into was void and illegal.  Said defendant, failed to disclose that the loan obtained had an interest rate higher than stated and in the preliminary disclosures, which preliminary disclosures were never given.

> 9.  Defendant's attorney and/or settlement officer did not furnish defendant [sic] with copies of numerous important settlement documents, ever in the loans [sic] history.

[DE 1-1, ¶¶6-9].

Thus, Plaintiffs are not contending that there was never any relationship between Plaintiffs and Wells Fargo's predecessor-in-interest to the Loan.  Indeed, despite Plaintiffs' allegation that the Mortgage and Note were never consummated by signing, Plaintiffs' Complaint also refers to "the settlement" of the loan, the "contract entered into", the interest rate of the Loan,

"settlement documents" and the Loan's "history". Although Plaintiffs' may allege that the Mortgage and Note were not signed, they concede that a relationship between the parties with respect to the Note and related Mortgage existed and, according to their allegations, began in 2006. Any inferences to the contrary would be completely unwarranted factual inferences that the Court need not accept as true, even on a Rule 12(b)(6) motion to dismiss. *See Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003)(quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Moreover, although Plaintiffs' Complaint is not barred by the *Rooker-Feldman* doctrine, this Court is bound to recognize the claim- and issue-preclusive effects of the state court judgment. *Exxon Mobil Corp.*, 544 U.S. at 293. A federal court must afford full faith and credit to state court judgments. U.S. Const., Art. IV, § 1. This rule is codified in the Full Faith and Credit Act, which requires a federal court to afford preclusive effect to a state court judgment to the same degree it would be afforded such effect by a state court located in the jurisdiction where the federal court sits. 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984).

In Kentucky, the rule of *res judicata* operates to bar repetitious suits involving the same cause of action and is formed by two subparts: 1) claim preclusion and 2) issue preclusion.

12

*Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464-465 (Ky. 1998).  "Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action."  *Id.* at 465 (citations omitted).  Tis doctrine "prevents the relitigation of the same issues in a subsequent appeal and includes every matter belonging to the subject of the litigation which could have been, as well as those which were, introduced in support of the contention of the parties on the first appeal."  *Miller v. Administrative Office of the Courts*, 361 S.W.3d 867, 871-872 (quoting *Huntzinger v. McCrae*, 818 S.W.2d 613, 615 (Ky. Ct. App. 1990)).  Three elements must be present for further litigation to be barred by claim preclusion: "(1) identity of the parties, (2) identity of the causes of action, and (3) resolution on the merits."  *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 371 (Ky. 2010)(citations omitted). In deciding whether two lawsuits concern the same controversy, the "key inquiry" is whether they both arise from the same "transactional nucleus of facts."  *Id.* (citing *Yeoman*, 983 S.W.2d at 465).

Here, there is clearly identity of the parties, as Plaintiffs and Wells Fargo were both parties to the foreclosure case in the Jessamine Circuit Court.  In addition, both cases arise from the same "transaction nucleus of facts," namely the validity of the Note and Mortgage on the property located at 152 Cherrybrook Drive, Nicholasville, KY, 40356, as well as Wells Fargo's right to enforce

13

the terms of the Note and Mortgage.  Finally, the Judgment and Order of Sale entered by the Jessamine Circuit Court on March 7, 2016 resolved the case on the merits and further provided that it "is a final judgment and there is no just reason for delay" and directed the Circuit Clerk to serve Notice of Entry pursuant to Kentucky Rules of Civil Procedure (CR) Rule 77.04 [DE 8-2 at Judgment and Order of Sale].  Thus, the claims in the foreclosure case were resolved on the merits.  For all of these reasons, Plaintiffs here are precluded from re-litigating the findings of the Jessamine Circuit Court as set forth in the Judgment and Order of Sale.

In the Judgment and Order of Sale, the Jessamine Circuit Court found that the allegations contained in the Complaint filed by Wells Fargo in that case are true, including that Wells Fargo is entitled to enforce the Note attached to the Complaint, which is signed by both Len and Kim Kirschbaum and executed on December 1, 2005 [*Id.*].  The Jessamine Circuit Court further found that the Note is secured by a Mortgage upon the real estate owned by Len and Kim Kirschbaum located at 152 Cherrybrook Drive, Nicholasville, KY 40356, which was also attached to Wells Fargo's Complaint, is dated December 1, 2005, and is signed by Len and Kim Kirschbaum [*Id.*].

Thus, for purposes of the statute of limitations analysis, the Court finds that the date the Loan was consummated was December

1, 2005. Accordingly, December 1, 2005 is also the "date of the occurrence of the violation" under 15 U.S.C. § 1640(e). Accordingly, any action for the purported TILA violations must have been brought by December 1, 2006. Even if the Court were to consider the date of the violation to be in 2006, as alleged by Plaintiffs, Plaintiffs still would have been required to bring their claims by 2007. This lawsuit was not filed until 2016, well after the expiration of the statute of limitations. Accordingly, Plaintiffs' claims for damages under TILA are time-barred pursuant to the statute of limitations provided by 15 U.S.C. § 1640(e).

Similarly, Plaintiffs' claim for rescission is also time-barred. As noted above, a loan made in a consumer credit transaction secured by the borrower's principal dwelling may be rescinded by the borrower within three days following the consummation of the transaction or the delivery of the disclosures required by TILA, whichever is later. *Barrett*, 445 F.3d at 877 (citing *Beach*, 523 U.S. at 411; 15 U.S.C. § 1635(a). However, "[i]n the event a bank does not comply with the Act's disclosure requirements, the three-day right to rescind becomes a three-year right to rescind, which expires three years 'after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.'" *Id*. (citing 15 U.S.C. § 1635(f)). In addition, a plaintiff filing suit based on an attempted rescission

must do so within one year of seeking rescission under TILA.  15 U.S.C. § 1640(e).

Accordingly, Plaintiffs would have had until December 2008, three years after the date that the loan was consummated, to submit a notice of rescission and an additional year after that, or until December 2009, to file a lawsuit seeking rescission under TILA. There are no allegations in the Complaint that Plaintiffs ever gave Wells Fargo or any other entity notice of an intention to seek to rescind the Loan, much less that any such notice was given prior to December 2008. Moreover, Plaintiffs' Complaint was filed in 2016, well after the December 2009 deadline. Accordingly, Plaintiffs' claim for rescission under TILA must be dismissed as time-barred.

### 3. Plaintiffs' TILA Claims are Dismissed as *Res Judicata*

Even if Plaintiffs' claims were not time-barred, all of Plaintiffs' claims pursuant to TILA, including those purportedly based on TILA's implementing regulation, Regulation Z, 12 C.F.R. § 226.1, *et seq.* should have been brought as compulsory counterclaims in the Jessamine Circuit Court action and the failure to do so forecloses their litigation here. *See Chau v. First Federal Bank*, No. 5:10-CV-353-JMH, 2010 WL 5139354, at *2-*3 (E.D.

Ky. Dec. 9, 2010).[5]  Kentucky Rules of Civil Procedure (CR) Rule 13.01 provides as follows:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

CR 13.01.  "The counterclaim must be asserted only if it [arises] out of the transaction or occurrence that is the subject matter or foundation of the opposing party's claim. If it is not presented by pleading the matter will be *res judicata,* and it would not support an independent action." *England v. Coffey,* 350 S.W.2d 163, 164 (Ky. 1961).  "Kentucky law thus precludes assertion of counterclaims for the first time in a subsequent action," and the same is true where the subsequent action is filed or removed to a federal court. *Holbrook v. Shelter Insurance Company,* 186 Fed. App'x. 618, 622, 2006 WL 1792514 (6th Cir. 2006).  "[C]laims coming within the definition of 'compulsory counterclaim' are lost if not raised at the proper time." *Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.,* 214 F.3d 770, 772 (6th Cir.2000), citing *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1 (1974).

---

[5] This Court's ruling in *Chau* dismissed various federal claims against a lender, including TILA and RESPA claims, after a judgment of foreclosure had been entered against the plaintiffs in Kentucky state court.  This Court's decision was affirmed by the Sixth Circuit Court of Appeals.  *See Chau et al v. First Federal Bank et al*, 5:10-CV-353-JMH, ECF No. 21 (E.D.Ky. 2011).

The rationale is simple, as explained by the United States Supreme Court in *Southern Const. Co. v. Pickard:*

> The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint. See, e.g., *United States v. Eastport S.S. Corp.,* 2 Cir., 255 F.2d 795, 801–802.

*Southern Const. Co. v. Pickard,* 371 U.S. 57, 60 (1962) (construing Fed. R. Civ. P. 13). *See also Williams v. Carter Bros.,* 390 S.W.2d 873, 875 (Ky.1965)("The real purpose of [Ky. CR] 13.01 is to require that all issues be resolved between the parties in one trial and to avoid the multiplicity of trials.").

Here, Plaintiffs' TILA claims that they now seek to prosecute against Wells Fargo arise out of the same transactions or occurrences as Wells Fargo's claims against them in the foreclosure action and were claims that Plaintiffs had at the time they served their responsive pleading in that action. *See Bluegrass Hosiery,* 214 F.3d at 772–73 (stating that obligation to file compulsory counterclaims arises only when a "pleading" must be made as that term is understood under Rule 15 for purposes of applying bar to those claims in a subsequent lawsuit). In other words, Plaintiffs were required to bring the claims averred in the Complaint in this matter in the state court action as compulsory counterclaims at

the time of their first pleading, i.e., their answer, in that matter. Accordingly, Plaintiffs' TILA claims against Wells Fargo, all of which could and should have been raised as compulsory counterclaims in foreclosure action in Jessamine Circuit Court, shall be dismissed as *res judicata*.

For all of the foregoing reasons, the Court finds that all of Plaintiffs' claims pursuant to TILA, including claims that purport to be based TILA's implementing regulation, Regulation Z, 12 C.F.R. § 226.1, *et seq.*, must be dismissed. Accordingly, the Court need not address the remainder of Wells Fargo's arguments with respect to Plaintiffs' TILA and Regulation Z claims.[6]

## B. Plaintiffs' RESPA Claims

The remainder of Plaintiffs' claims purport to assert claims based on the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. RESPA was enacted "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the

---

[6] Wells Fargo also argues that Plaintiffs cannot maintain a claim for rescission under TILA because their loan was a "residential mortgage transaction" that is not subject to the right of rescission pursuant to the exception set forth in 15 U.S.C. § 1635(e), and that Plaintiffs' rescission claim fails because they do not allege that they are ready and willing to return the parties to the status quo.

country." 12 U.S.C. § 2601. Accordingly, RESPA "places guidelines on closing costs and settlement procedures and requires that consumers receive various disclosures through their mortgage settlement." *Khadher v. PNC Bank, N.A.*, 577 Fed. App'x. 470, 480 (6th Cir. 2014). RESPA creates a private cause of action for three kinds of acts:

> (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a),(b);
>
> (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2697(b); and
>
> (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f).

*Rouse v. Farmer*, No. 5:14-cv-331-KKC, 2015 WL 1179967 at *3 (E.D. Ky. Mar. 12, 2015)(citing *Washington v. National City Mortg. Co.*, No. 10-5042, 2011 WL 1842836, at *7 (N.D. Cal. 2011)).

Plaintiffs do not specify upon which provision of RESPA their claims rely. Rather, Plaintiffs generally allege that they did not receive a good faith estimate copy from Wells Fargo (Count IX); that Wells Fargo failed to disclose that the Loan has an interest rate higher than the rate reflected in preliminary disclosures (Count XIX); that Wells Fargo failed to disclose loan origination fees (Count XX); and that Wells Fargo failed to provide Plaintiffs with adequate notice of default, right to cure, and

acceleration of the loan transaction (Count XXIII), all in violation of 12 U.S.C. § 1601 *et seq*. [DE 1-1].

The Court is aware that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). At the same time, courts must place certain limits on the lenient treatment given to *pro se* litigants who are not "'automatically entitled to take every case to trial.'" *Farah v. Wellington*, 295 Fed.App'x. 743, 748 (6th Cir. 2008)(quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). All complaints "'must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.'" *In re Travel Agent Com'n Antitrust Litigation*, 583 F.3d 896, 903 (6th Cir. 2009) (quoting *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)).

Here, Plaintiffs have failed to sufficiently allege that Wells Fargo has engaged in conduct that gives rise to a cause of action under RESPA. As noted, Plaintiffs do not base any of their RESPA claims on the provisions of RESPA upon which private causes of action have previously been recognized, specifically 12 U.S.C. § 2607 (a), (b)(payment of kickbacks or unearned fees for real estate settlement services); 12 U.S.C § 2608(b) (requiring buyer to use a title insurer selected by seller); and/or 12 U.S.C §

21

2605(f) (failure of loan servicer to give proper notice of a transfer of servicing rights or to respond to qualified written request for violation about a loan).   Nor do the factual allegations supporting Plaintiffs' purported claims under RESPA allege facts that would support a private cause of action for violations of any other provisions of RESPA.

Specifically, Count XX alleges that Wells Fargo "failed to disclose to plaintiff that the loan obtained required loan origination fees, whereas the Preliminary Disclosures reflected no such fees as required by 12 U.S.C. § 2601 *et seq*. [DE 1-1].   Even assuming that this allegation could be broadly construed as alleging a claim under 12 U.S.C. § 2607, Plaintiffs' loan closed in December 2005.   As Plaintiffs' complaint was not filed until 2016, any claim under 12 U.S.C. § 2607 is such barred by the one-year limitations period applicable to such claims pursuant to 12 U.S.C. § 2614.

Moreover, Count IX alleges that "[n]o good faith estimate copy was received from defendant," as required by RESPA [DE 1-1].   This could possibly be construed as a claim for violation of 12 U.S.C. § 2604(c), which requires a lender to provide "a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement as prescribed by the [Bureau of Consumer Financial Protection]." 12 U.S.C. § 2604(c).   However, "there is no private

civil action for a violation of 12 U.S.C. § 2604(c)." *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997)(further noting that "neither the statute nor the legislative history reveals a congressional intent to create a private cause of action, and actually indicate that Congress intended not to provide such a remedy...").

The remainder of Plaintiffs' purported RESPA claims allege a failure to adequately disclose that the interest rate of the loan is higher than the rate reflected in the preliminary disclosure (Count XIX) and a failure to provide Plaintiffs with adequate notice of default, right to cure, and acceleration of the loan transaction (Count XXIII).  However, Plaintiffs fail to show how these claims implicate RESPA, much less allege facts that would support a private cause of action under RESPA.  Thus, these claims do not meet the minimal requirements of factual specificity and sufficiency "to raise a right to relief above the speculative level," and are also dismissed on this basis.  *Twombly*, 550 U.S. at 545.

Finally, as with Plaintiffs' TILA claims, Plaintiffs' RESPA claims arise out of the same transaction or occurrence that was the subject matter of the foreclosure action in the Jessamine Circuit Court and were claims that Plaintiffs had at the time they served their responsive pleading in that action.  CR 13.01. Accordingly, should have been brought as compulsory counterclaims

in the foreclosure action. Thus, like Plaintiffs' TILA claims, Plaintiffs' RESPA claims shall be dismissed as *res judicata*.

## IV. CONCLUSION

For the reasons articulated above, Plaintiffs have failed to state a claim upon which relief may be granted. Accordingly, **IT IS HEREBY ORDERED** that:

(1) the Motion to Dismiss filed by Wells Fargo [DE 8] is **GRANTED;**

(2) all claims alleged in the Complaint [DE 1-1] against Wells Fargo are **DISMISSED WITH PREJUDICE;**

(3) all pending motions or requests for relief are **DENIED AS MOOT;**

(4) all deadlines and scheduled proceedings are **CONTINUED GENERALLY;**

(5) that the Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET;**

(6) that this ORDER is **FINAL AND APPEALABLE ORDER** and **THERE IS NO JUST CAUSE FOR DELAY.**

This the 30th day of March, 2017.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge